1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ERIC WILLIAMS,

11               Plaintiff,                No. CIV S-06-1882 MCE DAD P

12       vs.

13   C/O RAMIREZ, et al.,

14               Defendants.          FINDINGS AND RECOMMENDATIONS

15   _____/

16               Plaintiff is a state prisoner proceeding pro se with a complaint presented on the

17   form to be used by a prisoner seeking relief under the Civil Rights Act, 42 U.S.C. § 1983.

18   Plaintiff has also filed an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

19               The district court is required to screen every complaint brought by a prisoner

20   seeking relief against a governmental entity or employees of a governmental entity.  28 U.S.C.

21   § 1915A.  The court must dismiss claims that are frivolous or malicious, claims that fail to state a

22   claim upon which relief may be granted, and claims that seek monetary relief from a defendant

23   who is immune from such relief.  28 U.S.C. § 1915A(b).  In addition, the court must dismiss a

24   case in which the plaintiff seeks to proceed in forma pauperis if the action is frivolous or

25   malicious, fails to state a claim, or seeks monetary relief from a defendant immune from such

26   relief.  28 U.S.C. § 1915(e)(2).

1    The plaintiff in this case is a state prisoner confined in California Medical

2 Facility.  Plaintiff seeks declaratory relief and damages from seven correctional officers under

3 Title II of the Americans With Disabilities Act ("ADA").  (Compl. at pages electronically

4 numbered 2, 3 & 7.)  Plaintiff alleges that since February 25, 2006, the defendants have singled

5 him out for ongoing harassment because of his mental handicap and that the harassment consists

6 of subjecting him to excessive noise on every possible occasion, such as deliberately waking him

7 from a sound sleep by banging on his door and then asking him if he had a heart attack.  (Id. at

8 pages electronically numbered 2 & 6.)  Plaintiff alleges that there is a grievance procedure

9 available at his institution, that he did not file a grievance concerning the facts relating to his

10 complaint, and that he did not do so because exhaustion is not required for claims brought under

11 Title II of the ADA.  (Compl. at page electronically numbered 2.)

12    By the Prison Litigation Reform Act of 1995 ("PLRA"), Congress amended 42

13 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions

14 **under section 1983 of this title, or any other Federal law,** by a prisoner confined in any jail,

15 prison, or other correctional facility until such administrative remedies as are available are

16 exhausted." 42 U.S.C. § 1997e(a) (emphasis added).  The exhaustion requirement "applies to all

17 inmate suits about prison life, whether they involve general circumstances or particular episodes,

18 and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516,

19 532 (2002).

20    Exhustion of prison administrative procedures is mandated regardless of the

21 relief offered through such procedures.  Booth v. Churner, 532 U.S. 731, 741 (2001).  A remedy

22 is available for purposes of the PLRA as long as the administrative process has authority to take

23 some action in response to the prisoner's grievance, even if the action that might be taken is not

24 the remedial action sought by the prisoner.  Id. at 736.  Courts may not read futility or other

25 exceptions into the statutory exhaustion requirement of the PLRA.  Id. at 741 n.6.

26 /////

1    A prisoner's concession to nonexhaustion is a valid ground for dismissal of an

2  action.  Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003); McKinney v. Carey, 311 F.3d

3  1198, 1200-01 (9th Cir. 2002) (per curiam).  If the court concludes that the prisoner has not

4  exhausted administrative remedies, the proper remedy is dismissal without prejudice.  315 F.3d

5  at 1120.

6    In the present case, plaintiff is mistaken in his belief that the exhaustion

7  requirement does not apply to claims brought under the ADA.  The ADA is a federal law.  Under

8  § 1997e(a), the exhaustion requirement applies to every action brought with respect to prison

9  conditions, whether the action is brought under 42 U.S.C. § 1983 "or any other Federal law."  42

10  U.S.C. § 1997e(a).  Accordingly, a California state prisoner may not bring an action in federal

11  court under the ADA until he has exhausted available administrative remedies by first

12  completing and submitting the state's "Reasonable Modification or Accommodation Request"

13  form and then by taking all steps required by the state for processing the form.  Butler v. Adams,

14  397 F.3d 1181, 1183 (9th Cir. 2005).

15    Because plaintiff's complaint contains a concession to nonexhaustion, his

16  application to proceed in forma pauperis should be denied and this case should be dismissed

17  without prejudice to the filing of a new action after plaintiff completes the grievance procedure

18  available for ADA claims.  Plaintiff is advised that a new action brought after administrative

19  exhaustion has been completed should not bear the case number assigned to this action.  A new

20  application to proceed in forma pauperis must be submitted with the new action.

21    In accordance with the above, IT IS HEREBY RECOMMENDED that:

22    1.  Plaintiff's August 22, 2006 application to proceed in forma pauperis be denied;

23  and

24    2.  This action be dismissed without prejudice for failure to exhaust available

25  administrative remedies before bringing this action.

26  /////

1          These findings and recommendations will be submitted to the United States

2   District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within

3   twenty days after being served with these findings and recommendations, plaintiff may file

4   written objections with the court.  A document containing objections should be titled "Objections

5   to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file

6   objections within the specified time may, under certain circumstances, waive the right to appeal

7   the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

8   DATED: August 28, 2006.

9

10                                     _____

11                                     DALE A. DROZD
                                       UNITED STATES MAGISTRATE JUDGE

12  DAD:13
    will1882.efr

13

14

15

16

17

18

19

20

21

22

23

24

25

26